UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,          Case No. 1:07-CR-06

v.                HON. ROBERT HOLMES BELL

ANTHONY CARLOS ROGERS,

   Defendant.
_____/

## MEMORANDUM OPINION AND ORDER

  Defendant Anthony Carlos Rogers has filed a motion for modification or reduction of sentence (ECF No. 567) pursuant to 18 U.S.C. §3582(c)(2) on the basis of Amendment 782 of the United States Sentencing Guidelines, made retroactive by the Sentencing Commission.

  Section 3582(c)(2) permits a court to reduce the term of imprisonment of a defendant who has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Amendment 782 of the United States Sentencing Guidelines reduced by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties in U.S.S.G. §§ 2D1.1 and 2D1.11. These modifications were made retroactive effective November 1, 2014. U.S.S.G. § 1B1.10.

  The Probation Department filed a sentence modification report on January 26, 2016 (ECF No. 680). In its report, the probation department recommended the defendant is ineligible for reduction in sentence indicating Defendant's original sentence was amended to a sentence below the mandatory minimum guideline range.

  Defense Counsel, on behalf of Defendant Rogers, filed a response to the Sentence Modification Report (ECF No. 688), contending the probation department's assessment is incorrect.

He indicates that the court imposed a total sentence of 216 months; the original 264-month sentence adjusted downward by 48 months to account for time Mr. Rogers served in state custody that could not be credited to him by the BOP.  He argues the probation department misapprehends the nature of § 5G1.3, that it is not a downward departure, but rather an adjustment that provides a way to properly achieve the required period of imprisonment when concurrent sentences are imposed, and thus the amended sentence in this case is not limited to the mandatory minimum.  Counsel further states that the court is authorized to make the same 48-month adjustment under § 5G1.3, regardless of the amended guideline range and the mandatory minimum, and is requesting a reduction of sentence to 192 months.

The government filed a response (ECF No. 689) and agrees Defendant is eligible for a reduction to 192 months.  The government contends the probation department incorrectly stated the Court's amended judgment ruling as a downward departure and the Court adjusted defendant's sentence downward by 48 months as credit for his prior state service for a conviction the Court found as relevant conduct.

The Court having thoroughly reviewed this matter, agrees with counsel.  The Court further finds that pursuant to USSG 5G1.3(b), the Defendant was actually entitled to 55 months, rather than 48 months, taken off his original sentence of 264 months for time he would not otherwise be getting credit for, for conduct that was part of the instant offense.

NOW THEREFORE, IT IS HEREBY ORDERED that Defendant's motion for modification of sentence (ECF No. 567) pursuant to 18 U.S.C. § 3582(c)(2) is **GRANTED**.  Defendant Anthony Carlos Rogers' sentence shall be reduced to **185** months.  An order effectuating the sentence reduction shall issue forthwith.

Dated: May 9, 2016                                        /s/ Robert Holmes Bell
                                                                    ROBERT HOLMES BELL
                                                                    UNITED STATES DISTRICT JUDGE